# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

      Plaintiff,

v.                                                                                                  No. 2:20-cv-00786-RB-GBW

GEORGE COOK, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Response to Order to Show Cause. (Doc. 9.)

Mr. Ombe filed a Complaint[1] asserting claims pursuant to Title I of the Americans with Disabilities Act "ADA), 42 U.S.C. § 1981(a), Title VII, and various state laws arising from Plaintiff's employment with Defendants "from April 2011 to October 2016."[2] (Doc. 1 at 33 ¶ 1.)

Mr. Ombe filed a motion regarding Judge assignment concurrently with his Complaint. (*See id.* at 1–31 (demanding that this case not be assigned to the undersigned or to United States Magistrate Judge Karen B. Molzen).) Mr. Ombe argues that the undersigned and Judge Molzen did "not know the law" and did not understand or accommodate his autism disorder in his three consolidated civil rights suits. *See Ombe v. Martinez*, No. 1:14-cv-00763-RB-KBM ("*Ombe I*"). The Court denies Plaintiff's motion regarding the assignment of Judges to this case because the

---

[1] Mr. Ombe filed his Complaint with several other documents. (*See* Doc. 1.) The Complaint may be found in pages 32-71 of Document 1.

[2] Mr. Ombe previously filed a complaint asserting similar claims against these Defendants. *See Ombe v. Cook*, No. 1:16-cv-01114-RB-LF (D.N.M.). The Court dismissed the case without prejudice on November 20, 2017.

United States Court of Appeals for the Tenth Circuit affirmed the Court's final judgment in in *Ombe I*, stating that Mr. Ombe "is mistaken in believing that the district court was required to disregard the legal rules that govern civil lawsuits in response to his cognitive and mental health issues or his pro se status." (*See Ombe I*, Doc. 206-1 at 7.)

The Court notified Mr. Ombe that his federal-law claims in this case appear to be barred by the statutes of limitations because he did not file this Complaint within the 90-day period for Title VII and Title I of the ADA claims, or within the three-year period for Section 1981 claims. (*See* Doc. 4.) The Court ordered Mr. Ombe to show cause why the Court should not dismiss the federal-law claims as barred by the statutes of limitations or file an amended complaint. (*See id.*)

Mr. Ombe subsequently filed a motion for clarification seeking: (i) clarification of what the Court ordered; (ii) clarification of the deadline; and (iii) "How to coordinate with my state case." (Doc. 6.) The Court denies the motion for clarification as moot because Mr. Ombe subsequently filed a Response to the Court's Order to Show Cause, and his "state case" is not before this Court. (Doc. 9.)

In his Response to the Order to Show Cause, Plaintiff states "[t]he cause of delay of refiling these claims is because I was suffering from severe mental illness with depression and anxiety and lost my ability to do any kind [of] persuasive pleading." (*Id.* at 3.) Plaintiff argues that the statutes of limitations should be tolled "because of the circumstances created and of mental illness caused by every relevant person including defendants, judges and lawyers during the past 10 years." (*Id.* at 5.)

"To be entitled to equitable tolling, [a party] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Equitable tolling is only appropriate in 'rare and exceptional circumstances.'" *Del*

*Rantz v. Hartley*, 577 F. Appx. 805, 809 (10th Cir. 2014) (quotations omitted). "[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as that resulting in institutionalization or adjudged mental incompetence." *Id.* at 810 (citations omitted). The Tenth Circuit "has yet to apply equitable tolling on the basis of mental incapacity." *Id.* (quotation and citations omitted).

The Court dismisses the federal law claims because Mr. Ombe has not shown that he is entitled to equitable tolling of the statutes of limitations. While Mr. Ombe has stated that he has a severe mental impairment, he has not shown that he was institutionalized or adjudged mentally incompetent. Furthermore, his mental impairment was not so extraordinary as to prevent him from actively prosecuting his other civil rights cases from August 2014 through February 2018, appealing the final judgment, and filing a petition for writ of certiorari in May 2019.  *See Ombe I*

The Court, having dismissed all of the federal law claims, declines to exercise supplemental jurisdiction over the state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

Because it is dismissing this case, the Court denies the motion for a hearing on autism disability and the motion for service as moot.

**IT IS ORDERED** that:

(i) Mr. Ombe's Extraordinary Motion to Demand to Assign This Case to Competent Judge(s) and Lawyers Because of the Past Hellishly and Murderously Painful Experience (Doc. 1 at 1–31) is **DENIED.**

(ii) This case is **DISMISSED.** Mr. Ombe's federal law claims are dismissed with prejudice and his state law claims are dismissed without prejudice.

(iii) The Motion to Request Clarification (Doc. 6) is **DENIED as moot.**

(iv) The Motion to Request a Hearing Related to Autism Disabili[t]y (Doc. 7) is **DENIED as moot.**

(v) The Motion to Request to Summon the Defendants by Section 1915(d) (Doc. 8) is **DENIED as moot.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE