**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HITOSHI OMBE,
        Plaintiff,

v.   No. 2:20-cv-00786-RB-GBW

GEORGE COOK, et al.,
        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER, GRANTING MOTION FOR EXTENSION OF TIME TO APPEAL, GRANTING MOTION DEEMING DOCUMENTS FILED TIMELY, AND DENYING POST-JUDGMENT MOTION**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Post Judgment Motion for Reconsideration in Response to Order of Dismissal, filed November 13, 2020 ("Motion to Reconsider") (Doc. 20); Plaintiff's Motion to Request an Extension of Time to File a Notice of Intent to Appeal by Rule 5 of the Federal Rules of Appellate Procedure,[1] filed November 13, 2020 ("Motion for Extension") (Doc. 23); Plaintiff's Motion to Demand that Documents 19 – 22 are Timely, filed November 17, 2020 ("Timeliness Motion") (Doc. 25); and Plaintiff's Post Judgement Motion that "Order of Dismissal" is Unconstitutional, filed November 30, 2020 ("Post-Judgment

---

[1] Rule 5(a) of the Federal Rules of Appellate Procedure, Appeal by Permission, provides:

**(a) Petition for Permission to Appeal.**
**(1)** To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on all other parties to the district-court action.
**(2)** The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.
**(3)** If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

Motion" (Doc. 31).

**I.      Motion to Reconsider**

After Plaintiff filed his Complaint asserting claims pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981(a), and Title VII of the Civil Rights Act of 1964, the Court notified Plaintiff that his federal-law claims appear to be barred by the statutes of limitations and ordered Plaintiff to show cause why the Court should not dismiss the federal law claims as barred by the statutes of limitations. (*See* Doc. 4.)

On October 15, 2020, the Court dismissed Plaintiff's federal law claims as barred by the statutes of limitations stating:

> In his Response to the Order to Show Cause, Plaintiff states "[t]he cause of delay of refiling these claims is because I was suffering from severe mental illness with depression and anxiety and lost my ability to do any kind [of] persuasive pleading." (Doc. 9 at 3.) Plaintiff argues that the statutes of limitations should be tolled "because of the circumstances created and of mental illness caused by every relevant person including defendants, judges and lawyers during the past 10 years." (*Id.* at 5.)
>
> "To be entitled to equitable tolling, [a party] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Equitable tolling is only appropriate in 'rare and exceptional circumstances.'" *Del Rantz v. Hartley*, 577 F. App'x. 805, 809 (10th Cir. 2014) (quotations omitted). "[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as that resulting in institutionalization or adjudged mental incompetence." *Id.* at 810 (citations omitted). The Tenth Circuit "has yet to apply equitable tolling on the basis of mental incapacity." *Id.* (quotation and citations omitted).
>
> The Court dismisses the federal law claims because Mr. Ombe has not shown that he is entitled to equitable tolling of the statutes of limitations. While Mr. Ombe has stated that he has a severe mental impairment, he has not shown that he was institutionalized or adjudged mentally incompetent. Furthermore, his mental impairment was not so extraordinary as to prevent him from actively prosecuting his other civil rights cases from August 2014 through February 2018, appealing the final judgment, and filing a petition for writ of certiorari in May 2019. *See Ombe I*.

(Doc. 13 at 2–3 (dismissing case after dismissing Plaintiff's federal law claims and declining to exercise supplemental jurisdiction over Plaintiff's state law claims).)

Plaintiff asks the Court to reconsider its Order dismissing this case. Plaintiff argues that he is entitled to equitable tolling because he is disabled with autism and denying him equitable tolling violates the ADA.

The Court denies Plaintiff's Motion to Reconsider. While Plaintiff asserts that that the Tenth Circuit's standard for equitable tolling on the basis of mental impairment, *i.e.* institutionalization or adjudgment as mentally incompetent, violates the ADA and is unconstitutional, Plaintiff has not cited any legal authority that allows this Court to disregard Tenth Circuit precedent and grant equitable tolling on the basis of mental impairment where Plaintiff has not been institutionalized or adjudged as mentally incompetent. (*See* Doc. 20 at 8, 16.) The Court is bound by and cannot disregard Tenth Circuit precedent. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

## II.     Motion for Extension

Plaintiff seeks an indefinite extension of time to file a notice of appeal from the Court's Final Judgment "while the issues are being resolved in the NM District Court." (Doc. 23 at 3.) In a civil case, a notice of appeal must be filed with the district clerk within 30 days after entry of the judgment appealed from. *See* Fed. R. App. P. 4(a)(1)(A). "The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). The Court grants Plaintiff's Motion for an extension of time to file a notice of appeal because Plaintiff filed his Motion for Extension within 30 days of entry of the Court's Order dismissing this case and the Final Judgment. Plaintiff filed his Notice of Appeal on November 18, 2020. (Doc. 27.) Because the Court is granting Plaintiff's motion for an extension of time, Plaintiff filed his Notice of Appeal within the extension of time.

Fed. R. App. P. 4(a)(5)(C) (the extension of time expires "14 days after the date when [this Order] is entered").

### III.   Timeliness Motion

Plaintiff, who lives 75 miles away from the Courthouse in Las Cruces, attempted to file the following documents on the November 12, 2020, deadline: (i) Amended Response (Doc. 19); (ii) Motion to Reconsider (Doc. 20); (iii) Notice of Intent to Invoke Constitutionality by Rule 5.1 (Doc. 21); and (iv) Response (Doc. 22). (*See* Doc. 25 at 1.) When Plaintiff arrived at the Courthouse, Court Security Officers told him the Clerk's Office was closed to the public due to the coronavirus and gave Plaintiff the Clerk's Office phone number. Personnel at the Clerk's Office instructed Plaintiff to send the documents as soon as possible. Plaintiff filed the documents the following day. The Court grants Plaintiff's Timeliness Motion because Plaintiff has shown good cause for filing the documents one day later.

### IV.   Post-Judgment Motion

Plaintiff states:

> The purpose of this motion is to finalize my arguments of or reasonings for constitutionality of dismissal of the case, although this issue is adequately raised by [Plaintiff's] Amended Response to Order to Show Cause (Document 19) and [Plaintiff's] Post Judgment Motion for Reconsideration in Response to Order of Dismissal (Document 20). However, they are not written from the perspective of constitutionality. They are written from more general perspective and general legality.

(Doc. 31 at 1.) Plaintiff concludes that "equitable tolling must be granted [and] the case must be moved forward. (*Id.* at 25.)

The Court denies the Post-Judgment Motion. This motion, which was filed more than 28 days after entry of Final Judgment, is governed by Federal Rule of Civil Procedure 60. Plaintiff

does not assert any grounds for relief applicable to Rule 60(a) or (b)(1)–(5). Consequently, the only provision of Rule 60 potentially applicable is Rule 60(b)(6).

> Rule 60(b) is extraordinary relief that may only be granted in exceptional circumstances. *Beugler v. Burlington N. & Santa Fe Ry. Co.,* 490 F.3d 1224, 1229 (10th Cir.2007). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. Gen. Motors Corp.,* 365 F.3d 944, 955 (10th Cir.2004). "Rule 60(b)(6) relief is ... difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1293 (10th Cir.2005) (citation and quotations omitted).

*Jones v. Ferguson Pontiac Buick GMC, Inc.*, 374 F. App'x. 787, 789 (10th Cir. 2010). It does not "offend justice" to deny Plaintiff relief under Rule 60(b)(6) because the dismissal of this case was based on Tenth Circuit precedent and Plaintiff's appeal of the dismissal is pending.

**IT IS ORDERED** that:

(i) Plaintiff's Post Judgement Motion for Reconsideration in Response to Order of Dismissal (Doc. 20) is **DENIED.**

(ii) Plaintiff's Motion to Request an Extension of Time to File a Notice of Intent to Appeal by Rule 5 of the Federal Rules of Appellate Procedure (Doc. 23) is **GRANTED.**

(iii) Plaintiff's Motion to Demand that Documents 19 – 22 are Timely (Doc. 25) is **GRANTED.**

(iv) Plaintiff's Post Judgement Motion that "Order of Dismissal" is Unconstitutional (Doc. 31) is **DENIED.**

                                                                                         _____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE