**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HITOSHI OMBE,

       Plaintiff,

v.                                                                          No. 2:20-cv-00786-RB-GBW

GEORGE COOK, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING SUPPLEMENTAL POST-JUDGMENT MOTION**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Supplementary Motion to Post Judgement Motion for Reconsideration and Post Judgement Motion that Order of Dismissal is Unconstitutional (Doc. 33), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion to Proceed In Forma Pauperis") (Doc. 34), and Plaintiff's Response Motion to "Memorandum Opinion and Order" and Plaintiff's Demand a Further Consideration to Grant Equitable Tolling (Doc. 39).

Plaintiff filed a motion asking the Court to reconsider its Order dismissing this case and arguing that he is entitled to equitable tolling because he is disabled with autism and denying him equitable tolling violates the ADA. (*See* Doc. 20 ("Motion to Reconsider").) The Court denied Plaintiff's Motion to Reconsider, stating he had not cited any legal authority that allowed this Court to disregard Tenth Circuit precedent and grant equitable tolling on the basis of mental impairment where Plaintiff has not been institutionalized or adjudged as mentally incompetent. (*See* Doc. 32.)

Plaintiff also filed a Post-Judgment Motion arguing that "equitable tolling must be granted [and] the case must be moved forward." (Doc. 31 ("Post-Judgment Motion").) The Court denied Plaintiff's Post-Judgment Motion, stating that it does not "offend justice" to deny Plaintiff relief under Rule 60(b)(6) because the dismissal of this case was based on Tenth Circuit precedent and Plaintiff's appeal of the dismissal is pending. (Doc. 32.)

Plaintiff now seeks to supplement the arguments in the two motions discussed above "by provid[ing] a further elaboration of the causes of the insurmountable and unbreakable difficulties to the proceedings by an individual with autism disability as pro se litigant." (Doc. 33 at 1.) Plaintiff argues that denial of equitable tolling is a form of discrimination and a deprivation of his First Amendment rights to petition the Government and to free speech. (*See* Doc. 33.) Plaintiff also "demand[s]" that the Court grant equitable tolling for reasons he has previously presented to the Court. (Doc. 39 at 5.) The Court denies Plaintiff's Supplemental Motion and his Demand for the same reasons it denied his Motion to Reconsider and his Post-Judgment Motion.

**<u>Motion to Proceed In Forma Pauperis</u>**

The Court was inclined to construe Plaintiff's Application to Proceed *in District Court Without Prepaying Fees or Costs* as a motion *for leave to appeal* in forma pauperis because: (i) Plaintiff is proceeding *pro se*; (ii) the Court of Appeals for the Tenth Circuit construed several documents, which Plaintiff had filed with the Court of Appeals for the Tenth Circuit, as a Notice of Appeal (*see* Doc. 27); and (iii) this Court construed Plaintiff's Notice of Intent to Appeal (Doc. 37) as a Notice of Appeal. Plaintiff, however, makes clear that he has not filed a notice of appeal stating:

> The appeal is not pending. It is only preliminary. Notice of intent to appeal does not make the issue pending. It is only warning of the potential appeal. The meaning that an issue is pending is that an opening brief of appeal is filed. The ultimate intention of NOTICE OF INTENT TO APPEAL is my preparation for the total

> failure of all motions. If a successful motion is approved, my intention is to make an appeal moot and to withdraw it.

(Doc. 39 at 4.) Consequently, the Court denies Plaintiff's Motion to Proceed In Forma Pauperis *in District Court* as moot because the Court previously granted Plaintiff's Motion to Proceed *in forma pauperis* in District Court. (*See* Doc. 4.)

### Court's Power to Impose Filing Restrictions

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

### Litigant's Abusive History

The Court entered Final Judgment in this case on October 15, 2020. Since then, Plaintiff has filed two motions for the appointment of a pro bono attorney, a motion for an extension of time, an Amended Response to his pre-dismissal response to an Order to Show Cause, a post-judgment motion for reconsideration, a notice of intent to invoke constitutionality, a response to

3

an order denying Plaintiff's motion to appoint counsel and other motions, a second motion for an extension of time, a notice of entry of appearance in the Tenth Circuit while Plaintiff insists he has not appealed, a motion to demand that certain documents were timely filed, several documents that the Court of Appeals construed as a notice of appeal, a second post-judgment motion, a supplemental post-judgment motion, a second motion to proceed *in forma pauperis*, a second entry of appearance in the Tenth Circuit, a status report, a notice of intent to appeal, a response and demand, and a notice. (*See* Docs. 15–17, 19–27, 30–31, and 33–36.) Several of the documents argue that Plaintiff is entitled to equitable tolling or seek relief related to equitable tolling. Some of the documents are redundant. This Order is the third post-judgment Order addressing Plaintiff's efforts to be granted equitable tolling. (*See* Docs. 18; 32.)

The Court finds that the following proposed filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such issues.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except one document containing objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not accept for filing any additional submissions by Plaintiff in this case other than one document containing objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to not accept for filing any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within 14 days from the date of this order why the Court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to one document of **ten** pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter 14 days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Plaintiff's Supplementary Motion to Post Judgement Motion for Reconsideration and Post Judgement Motion that Order of Dismissal is Unconstitutional (Doc. 33) filed December 16, 2020, is **DENIED.**

(ii) Plaintiff's Response Motion to "Memorandum Opinion and Order" and Demand a Further Consideration to Grant Equitable Tolling (Doc. 39), filed December 21, 2020, is **DENIED.**

(iii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 34) filed December 17, 2020, is **DENIED as moot.**

(iv) Within **14 days** from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does

not timely file objections, the proposed filing restrictions shall take effect 14 days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE