# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

      Plaintiff,

v.                                                                                                                                No. 2:20-cv-00786-RB-GBW

GEORGE COOK, et al.,

      Defendants.

## **MEMORANDUM OPINION AND ORDER IMPOSING FILING RESTRICTIONS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Response to the Order to Show Cause, filed January 6, 2021. (Doc. 46.)

After discussing the Court's power to impose filing restrictions and setting forth Plaintiff's abusive filing history, the Court ordered Plaintiff to show cause why the Court should not impose filing restrictions. (Doc. 41.) Plaintiff's only argument opposing the imposition of filing restrictions is premised on Plaintiff's assertions that: (i) Plaintiff has autism disability and "an essential element of autism disability is communication disability" (Doc. 46 at 7); and (ii) Plaintiff is "legally required to have disability accommodation" (*id.* at 9). Plaintiff concludes:

> I completely object [to] the proposed imposition of filing restriction. It is the evasion of the judge responsibility. It is my response to Robert C. Brack refusal to discuss to find a good compromise between conflicting requirements: deadlines by the rules vs. my disability which prevents me from completing the required tasks in time. In fact, I do not expect to file anything at this moment until an appeal process is completed. I am the victim of the system failure for which Robert C. Brack has made a leading contribution to the failure because he has refused to observe the standards mandated by the Congress [in the Americans with Disabilities Act]."

(*Id.* at 11.)

Plaintiff has not shown cause why the Court should not impose filing restrictions. Much of Plaintiff's Response is not relevant to the Order to Show Cause because it discusses the conduct of the Judges, the Clerk of Court, and the lawyers involved in Plaintiff's previous cases during the past several years and asserts that they owe Plaintiff damages. Despite the Court clearly explaining the basis for its dismissal of this case, Plaintiff has filed 18 documents after the Court dismissed this case, many of which argue that Plaintiff is entitled to equitable tolling or seek relief related to equitable tolling, and some of which were redundant. (*See* Doc. 41.) The Court expended valuable resources addressing Plaintiff's documents in three post-judgment Orders. The Court has previously notified Plaintiff that it cannot grant him "unfettered access to file countless notices and papers that do little to further this case." *See Ombe v. New Mexico*, No. 1:14-cv-00763-RB-KBM, Order to Show Cause re: Filing Restrictions at *2 (Doc. 191) (D.N.M. Jan. 10, 2018). Plaintiff's Response in this case provides no justification for his filing documents that do little to advance this case.

The Court imposes the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except one document containing objections to this order, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not accept for filing any additional submissions by Plaintiff in this case other than one document containing objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to not accept for filing any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE