**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HITOSHI OMBE,

Plaintiff,

v. No. 2:20-cv-0786 RB/GBW

GEORGE COOK, et al.,

Defendants.

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Extension of Time to File Notice of Appeal. (Doc. 58.) The Court dismissed this case and entered its Final Judgment in October 2020. (*See* Docs 13–14.) The United States Court of Appeals for the Tenth Circuit affirmed the Court's Final Judgment on August 11, 2021. (*See* Doc. 52.) The Supreme Court of the United States denied Plaintiff's Petition for Writ of Certiorari on March 21, 2022. (*See* Doc. 54.)

On May 1, 2026—over five years after the Court entered its Final Judgment—Plaintiff sought relief from the Final Judgment pursuant to Fed. R. Civ. P. 60(b)(6). (*See* Doc. 56.) The Court denied Plaintiff's motion for relief from the Final Judgment on June 8, 2026. (*See* Doc. 57.)

On July 10, 2026, Plaintiff filed the motion now before the Court for an extension of time to file a notice of appeal. (*See* Doc. 58.) Plaintiff also filed a Notice of Appeal on July 10, 2026. (*See* Doc. 59.) The United States Court of Appeals for the Tenth Circuit abated the appeal pending this Court's disposition of Plaintiff's request for an extension of time to appeal. (*See* Doc. 62); *see also Martinez v. Grisham*, 2020 WL 6471380, at *1 (10th Cir. July 6, 2020) (stating "This Court can exercise jurisdiction only if a notice of appeal is timely filed" (quoting *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006)), a party's "pro se status does not affect this

rule" (citing *Mayfield v. U.S. Parole Comm'n*, 647 F.2d 1053, 1055 (10th Cir. 1981) (dismissing pro se appeal filed three days late)), and "this court has no authority to make equitable exceptions to jurisdictional requirements" (citing *Bowles v. Russell*, 551 U.S. 205, 216 (2007))).

Plaintiff seeks an extension of time to file a notice of appeal for the following reasons:

> First reason is system failure due to the court administrative laziness, negligence, or other non-performance of the required tasks. The second reason is directly related to disability. 29 CFR 1630.2(j)(4)(iii); 28 CFR 35.108(d)(3)(iii); 28 CFR 36.105(d)(3)(iii). The third reason is all the others.

(Doc. 58 at 1.) Plaintiff asserts the 30-day period in which a notice of appeal must be filed:

> for Plaintiff, 30 days become actually 20 days. Nowadays, it normally takes five days to receive a mail. Plaintiff actually received the order on June 13, 2026 or five days after the order is issued. In order to accommodate mail delay of five days, Plaintiff should mail his NOTICE five day before the due date. Ultimately, Plaintiff loses 10 days out of 30 days, as compared to 30 full days for attorneys. This is because the court is closed to low income litigant. This can never be acceptable. Thus, the Court must grant an extension of time for total 10 days. Using these reasoning, the actual deadline should be July 18, 2026 . . . or July 20, 2026 because July 18, 2026 is Saturday.

(*Id.* at 1–2.)

With limited exceptions, a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *Martinez*, 2020 WL 6471380, at *1 ("A notice of appeal is considered timely filed if *received* by the clerk on time….") (emphasis in original) (quoting *Jesse v. Mosier (In re Blackridge Ranch, Inc.)*, 29 F. App'x 516, 517 (10th Cir. 2002)). The limited exceptions include cases where one of the parties is the United States, a United States agency, officer or employee, cases where certain motions have been filed, and appeals by an inmate confined in an institution. *See* Fed. R. App. P. 4(a)(1)(B), 4(a)(4), 4(c).

The district court may extend the time to file a notice of appeal if:

> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

The Court denies Plaintiff's Motion for an extension of time to file a notice of appeal. Plaintiff seeks to appeal from the Court's Order entered on June 8, 2026 (Doc. 57), which denied his motion for relief from the Final Judgment. Plaintiff has not shown that any of the exceptions to the 30-day deadline to file a notice of appeal apply in this case. The 30-day deadline to file a motion for an extension of time to file a notice of appeal was July 8, 2026. Plaintiff did not file his Motion for an extension of time until July 10, 2026. Plaintiff also has not cited any legal authority in support of his assertion that the 30-day period in which to file a notice of appeal should be extended by 10 days to accommodate mail delays. *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions advanced"). Plaintiff's reference to his disability and federal regulations regarding the definition of "disability" under the Americans with Disabilities Act is not sufficient because those definitions do not provide exceptions to the time limits set forth in Federal Rule of Appellate Procedure 4 for filing a notice of appeal or for filing a motion for an extension of time to file a notice of appeal. *See Disability Access*, The United States Court of Appeals for the Tenth Circuit, https://www.ca10.usco urts.gov/clerk/disability-access (last visited July 20, 2026) (stating "[t]he Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act do not apply to the federal judiciary").

**IT IS ORDERED** that Plaintiff's Motion to Request an Extension of Time to File Notice of Appeal (Doc. 58) is **DENIED**.

**IT IS SO ORDERED**.

________________________________________
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE